### 30212. STERN v. STERN.

Ingram, Justice.

This appeal is from an order of DeKalb Superior Court dismissing a complaint seeking a divorce, child support, custody and other relief filed by appellant in the trial court.

The original complaint was filed March 4, 1975, and a rule nisi was issued by the trial court setting a temporary hearing for April 2, 1975. The defendant was served and on the date of the temporary hearing counsel

filed in his behalf a motion to dismiss the complaint and an "answer and cross action" in the case. These pleadings were served on plaintiff's counsel on the same day prior to the temporary hearing.

At the temporary hearing, the trial judge decided to hear first the issue raised by the motion to dismiss. In effect the motion to dismiss was converted into a hearing on a motion for summary judgment with the trial court considering the evidence presented at that hearing.

The issue raised by the defendant's dismissal motion was that the plaintiff had a prior ceremonial marriage which had not been dissolved and she could not have entered into a valid common law marriage with the defendant. The evidence at the temporary hearing showed that plaintiff did indeed enter into a prior ceremonial marriage with a man still in life. Plaintiff admitted the marriage and it also was evidenced by properly certified documentary evidence. The plaintiff testified, however, that she obtained a divorce from her former husband in Forsyth County, Georgia, prior to the consummation of her present marriage to defendant. Plaintiff did not support her testimony with any documentary evidence of that divorce. In addition, the defendant called a rebuttal witness who testified that plaintiff told him that she considered she had a divorce from her previous husband because "the statute of limitations had run out and dissolved that marriage."[1]

The trial judge then decided that he could not grant plaintiff any relief because of her earlier ceremonial marriage which she failed to show had been legally dissolved. Consequently, the trial court dismissed the plaintiff's complaint but, in an abundance of fairness, gave plaintiff and her counsel 10 days to produce a certified copy of the divorce decree, which she testified she had, before entering the order of dismissal. No divorce decree was ever produced and within 30 days of the final order dismissing the complaint, the plaintiff appealed to

---

[1]We know of no statute of limitation that will dissolve a marriage and counsel has cited none in his brief.

this court. *Held:*

1. As the plaintiff failed to prove by competent evidence that a valid marriage existed between her and the defendant, the trial court did not err in denying the temporary relief sought by plaintiff. See *Clark v. Cassidy,* 64 Ga. 662 (2) (1880); and see also *Smith v. Smith,* 230 Ga. 616, 618 (198 SE2d 307) (1973).

2. The issues before the trial court concerned only the temporary relief sought by plaintiff for which the court had ordered the interlocutory or temporary hearing. The case was not before the court for a final adjudication on the merits. Therefore, plaintiff has a right at the final hearing to present any competent evidence she has on the validity of her marriage to defendant in connection with the permanent relief sought by her. See *Walton v. Walton,* 223 Ga. 85, 88 (153 SE2d 554) (1967), and Code Ann. § 30-205.

3. The judgment of the trial court dismissing the plaintiff's complaint will be reversed but the denial of temporary relief to plaintiff by the trial court will be affirmed.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED SEPTEMBER 8, 1975 — DECIDED SEPTEMBER 16, 1975.

*Miles B. Sams,* for appellant.