## 30782. ROYSTON v. ROYSTON.

INGRAM, Justice.

This appeal is from an order granting a summary judgment in favor of a father in an action brought by the mother seeking, among other things, a modification of the

father's visitation rights with the parties' minor child under a divorce decree. Part of the relief sought by the mother was an injunction against the father to limit his exercise of visitation rights. The trial court issued a temporary restraining order and set a hearing on the interlocutory injunction.

At the hearing the father's counsel made an oral motion to dismiss the mother's complaint for failure to state a claim. In support of the motion, the father urged that the complaint, admissions and answers to interrogatories showed there had been no material change of circumstances affecting the welfare of the child that would authorize a modification of the father's visitation rights.

The trial judge requested briefs from each side and allowed ample time for counsel to prepare and file the briefs. The father's brief urged the trial court to dispose of this part of the case by granting the motion to dismiss and noted that it could be treated as a motion for summary judgment. The mother's brief argued that the father's motion to dismiss was not in writing and was not properly before the court. It also argued that, while a proper motion to dismiss can be treated as a motion for summary judgment when matters outside the pleadings are considered, the mother was entitled to 30 days notice to respond to the motion.

Subsequently, the trial court entered an order which treated the father's motion to dismiss as a motion for summary judgment under Code Ann. § 81A-112 (b) and, without requiring a separate hearing on the motion, granted the motion for summary judgment in favor of the father. Code Ann. § 81A-156. The present appeal by the mother followed in due course.

We disagree with the mother's contention that a motion for summary judgment cannot be made orally at a hearing for temporary relief. However, we agree that the trial judge was required by Code Ann. § 81A-156 (c) to set a date for another hearing on the motion at least 30 days from the time the motion was made.

A motion to dismiss for failure to state a claim may be made in a pleading or by motion. See Code Ann. § 81A-112 (b). A motion made at a hearing or during trial may be

made orally. See Code Ann. § 81A-107 (b). It follows that the motion in this case was properly made orally at the hearing. See *Irby v. Christian,* 132 Ga. App. 796 (209 SE2d 245) (1974).

On the hearing of an application for interlocutory injunction, ". . . the trial judge should not undertake to finally adjudicate issues of fact, but should determine questions of evidence only to the extent necessary to decide whether interlocutory relief should be granted." *Bradley v. Roberts,* 233 Ga. 114 (210 SE2d 236) (1974). Similarly, it was error in a divorce case to dismiss plaintiff's complaint after hearing evidence at a hearing to decide the question of temporary alimony. See *Stern v. Stern,* 235 Ga. 212 (219 SE2d 106) (1975). In other words, it is error to grant final relief without giving the party opposing the motion the statutory requirement of notice prior to a hearing on the merits of the claim for final relief. See *Davis v. American Acceptance Corp.,* 119 Ga. App. 265, 267 (167 SE2d 222) (1969).

Of course, a party may consent to the holding of a hearing on the motion for summary judgment prior to the expiration of 30 days, but in this case there was no hearing at all on the motion for summary judgment. See *Register v. Kandlbinder,* 231 Ga. 786 (204 SE2d 145) (1974).

Because the motion for summary judgment was properly made, it will be necessary to remand the case for a hearing on the issues raised by it and to give the party opposing the motion an opportunity to submit evidence in opposition to it. Therefore, it is unnecessary to consider the mother's other enumerations of error in this appeal.

*Judgment vacated and remanded. All the Justices concur.*

ARGUED FEBRUARY 10, 1976 — DECIDED APRIL 15, 1976.

*Wills, Catts & Ford, Warren W. Wills, Jr., Oliver & Duckworth, G. Robert Oliver,* for appellant.

*Albert B. Wallace, William R. L. Latson,* for appellee.