### 43166. MACON TELEGRAPH PUBLISHING COMPANY v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA et al.

(350 SE2d 23)

BELL, Justice.

This appeal involves the issue of whether certain records of appellee University of Georgia Athletic Association (hereinafter the Athletic Association) are subject to disclosure under OCGA Title 50, Ch. 18, commonly referred to as the Open Records Act.

On April 23, 1985, pursuant to the Open Records Act, a representative of a newspaper published by appellant Macon Telegraph Publishing Co. (hereinafter the Telegraph) made a request to the appellees for all reports and other written documents which show the income, expenses, assets, and liabilities of the Athletic Association. The appellees are the Board of Regents of the University System of Georgia, the Athletic Association, Coach Vince Dooley, Dr. Fred Davison, who, at the time this action was instituted, was the president of the University of Georgia and also Chairman of the Board of the Athletic Association, and Dr. Allan Barber, who is the Vice President of Business and Finance of the University, as well as the Treasurer of the Athletic Association.

The appellees denied the request, and the Telegraph subsequently filed suit seeking an order to require the appellees to produce the requested documents. Coach Dooley, the Athletic Association, and

Drs. Davison and Barber in their capacities with the Athletic Association (hereinafter the private appellees), relying on OCGA § 20-3-78 et seq.,[1] moved to dismiss the complaint on the ground that the Athletic Association was not subject to the Open Records Act because it was not a state agency. The Telegraph responded, inter alia, that OCGA § 20-3-78 et seq., are violative of the separation of powers doctrine of Article I, Section II, Paragraph III of the Georgia Constitution. On June 24, 1985, the trial court dismissed the case against the private appellees, specifically declining to find the challenged statutes unconstitutional.

The Board of Regents and Drs. Davison and Barber in their official capacities with the University System (hereinafter the state appellees) thereafter filed a motion for summary judgment contending they should not be required to produce the requested documents because the documents did not fall within this court's definition of "public records" for purposes of the Open Records Act. The Telegraph filed a cross-motion for summary judgment.

The trial court subsequently entered an order denying summary judgment to the Telegraph and granting summary judgment to the state appellees. The Telegraph appeals from the orders of dismissal and summary judgment.

We reverse the grant of summary judgment to the state appellees and the denial of summary judgment to the Telegraph. We do so on the ground that the documents requested from the state appellees are "public records" within the meaning of the Open Records Act. We therefore find it unnecessary to address the constitutionality of OCGA § 20-3-78 et seq. and the grant of the private appellees' motion to dismiss.

It is undisputed that the operation of the intercollegiate athletic program at the University of Georgia is a legitimate function of the University and is the responsibility of the so-called "institutional authority" at the University of Georgia. In addition, Dr. Dean Propst, Chancellor of the University System of Georgia, gave uncontradicted testimony that Dr. Davison, as President of the University of Georgia, is the "institutional authority" responsible for controlling the intercollegiate athletic program. Moreover, Dr. Davison and Dr. Propst testified that the Athletic Association is the management tool which Dr. Davison uses to carry out his responsibility to control the University's intercollegiate athletic program. Testimony also established

---

[1] OCGA § 20-3-78 provides that the athletic associations of the University of Georgia, Georgia Tech, and any other branch of the University System are private corporations. OCGA § 20-3-79 states that such athletic associations are not agencies of the state and are not subject to the same limitations and restrictions which might apply if they were state agencies.

that Dr. Barber assists Dr. Davison in carrying out that responsibility by serving as Treasurer of the Athletic Association. Dr. Barber testified that the requested documents on the income, expenses, assets, and liabilities of the Athletic Association are under his direction and control.

In *Houston v. Rutledge*, 237 Ga. 764, 765 (229 SE2d 624) (1976), we concluded that "documents, papers, and records prepared and maintained in the course of the operation of a public office are 'public records' within the meaning of [OCGA § 50-18-70]." Accord *Athens Observer, Inc. v. Anderson*, 245 Ga. 63 (1) (263 SE2d 128) (1980). In *Athens Observer* the issue was whether a report on the mathematical departments of the University of Georgia, which had been prepared by outside consultants at the request of the Dean of the College of Arts and Sciences, was a "public record" within the meaning of the Open Records Act. Even though the report had been prepared by outside consultants, we concluded that it fell "clearly in the category of 'documents, papers, and records prepared and maintained in the course of the operation of a public office.'" *Athens Observer*, supra, 245 Ga. at 64. We reach a similar conclusion here.

Because Dr. Davison, by virtue of his position as President of the University of Georgia, is charged with controlling the intercollegiate sports program at the University, and because the maintenance of documents relating to the assets, liabilities, income, and expenses of the intercollegiate sports program is an integral part thereof, we conclude that, regardless of whether the documents are prepared by employees of a private Athletic Association or by Dr. Barber as Treasurer of that Association, it is clear that they are "documents, papers, and records prepared and maintained in the course of the operation of a public office," and are therefore "public records" under the Open Records Act.

*Judgment reversed in part. Gregory, Weltner, Hunt, JJ., and Judge A. Blenn Taylor, Jr., Judge Roger H. Lawson, Jr., and Judge James E. Findley, concur. Marshall, C. J., Clarke, P. J., and Smith, J., not participating.*

DECIDED NOVEMBER 19, 1986.

*Hansell & Post, Walter H. Bush, Jr., Nan H. Jennings,* for appellant.

*Michael J. Bowers, Attorney General, Patrick W. McKee, Assistant Attorney General, Nicholas P. Chilivis,* for appellees.