## S93A1952. HAMES v. HAMES.
### (438 SE2d 630)

SEARS-COLLINS, Justice.

We granted the appellant's application to appeal in this case to determine whether the trial court improperly ruled against her on her claim for modification of child support. We reverse, for two reasons.

First, the record demonstrates that the appellant's claim for modification of child support was decided following an August 12, 1992, hearing, which had been scheduled pursuant to a rule nisi order to hear motions of the parties that were not related to the claim for modification. The appellant thus did not receive notice that her claim for modification of child support would be decided at that hearing. This lack of notice constitutes reversible error. *Royston v. Royston*, 236 Ga. 648, 650 (225 SE2d 41) (1976); *Herring v. Standard Guaranty Ins. Co.*, 238 Ga. 261, 262-263 (232 SE2d 544) (1977).[1] Furthermore, the trial court erred by ruling that the appellant was forever estopped from bringing another action for modification of child support. See *Conley v. Conley*, 259 Ga. 68, 70 (3) (377 SE2d 663) (1989); *Livsey v. Livsey*, 229 Ga. 368, 369 (191 SE2d 859) (1972); OCGA § 19-6-19 (a). For these reasons, we reverse the judgment of the trial court.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 24, 1994.

*William C. Nesbitt*, for appellant.
*Crews, Salter & Gisler, Avery T. Salter, Jr.*, for appellee.

---

[1] Moreover, we find no evidence that the appellant waived her right to object to the lack of notice or acquiesced in the final adjudication of her modification claim based on the motions hearing. Cf. *Williams v. Tritt*, 262 Ga. 173, 174-175 (2) (415 SE2d 285) (1992).