**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 6, 2023**

# In the Court of Appeals of Georgia

A23A0336. DAVIS, JR., MAYOR OF AUGUSTA v. THE
  AUGUSTA PRESS.

GOBEIL, Judge.

Hardie Davis Jr., in his official capacity as Mayor of Augusta at the time of the underlying action, appeals from the trial court's order denying his motion to dismiss an action filed by The Augusta Press, Inc. for the production of certain documents pursuant to OCGA § 50-18-70 et seq. (the "Open Records Act". Davis contends that the trial court erred in its analysis of The Augusta Press's request under the Open Records Act, and in entering a final judgment against him without proper notice and an opportunity to be heard, and based solely on the allegations made in the complaint. For the reasons set forth below, we reverse the trial court's judgment and remand the case for additional proceedings not inconsistent with this opinion.

The limited record before us shows that Davis, then Mayor of Augusta but in his capacity as an individual who was running for public office, was the subject of a complaint by the Georgia Government Transparency and Campaign Finance Commission (the "Commission"). Relevant to the issues on appeal, the Commission's complaint, filed in February 2022, alleged that Davis, in his capacity as a candidate, improperly utilized $3,171.81 in campaign contributions by using these funds to pay for expenses that were not necessary and ordinary campaign expenses. The Commission also alleged that Davis failed to disclose an additional expenditure of $114.36. Davis responded to these allegations by stating that all of these expenditures were "related to the fulfillment of [Davis's] elected office"[1] and had been included in campaign contribution disclosure reports. Although Davis's response refers to exhibits attached to the response, those exhibits do not appear in the record.

On April 28, 2022, The Augusta Press, an online newspaper, sent a request under the Open Records Act to "Hardie Davis Jr." at the city's municipal building. The request asked "Mayor Davis" to produce copies of receipts, credit card

---

[1] As explained by Davis at the hearing in this case, this language comes from OCGA § 21-5-33 (a), which states that campaign contributions made to a candidate or person holding office may be properly used "in connection with . . . such public officer's fulfillment or retention of such office."

statements, and other relevant paperwork related to four items listed in the Commission's complaint. The Augusta Press alleged that its request was proper under the Open Records Act because Davis had averred in the Commission's investigation that those expenditures "were spent in the course of [his] official capacity as mayor of Augusta-Richmond County." Davis refused to comply with the request, stating that the documents sought to be produced were not subject to the Open Records Act.

The Augusta Press then filed the instant complaint against "Hardie Davis, Jr., Mayor of Augusta," (in Davis's official capacity), alleging that he violated the Open Records Act by failing to produce the documents as requested. The Augusta Press sought that the trial court (1) order Davis to make a complete production of the requested records; (2) impose a $1,000 penalty pursuant to OCGA § 50-18-74 and pay The Augusta Press's attorney fees pursuant to OCGA § 50-18-73 (b); and (3) issue a Rule Nisi setting a time and date for Davis to appear to show cause why the relief requested should not be granted.

Davis did not answer the complaint, but filed a motion to dismiss, asserting that the requested documents were not subject to the Open Records Act. The Augusta Press responded to the motion to dismiss, including a motion that Davis be enjoined to produce the requested records. The parties appeared at a hearing on Davis's motion

to dismiss. After the hearing, the trial court issued its order denying Davis's motion and finding that the motion was "dispositive of all substantive issues joined by the pleadings in this action," excepting the issue of attorney fees. Thus, after denying Davis's motion, the court ordered that Davis shall provide The Augusta Press with all documents, papers, etc. in his possession, access, or control that relate to each expenditure enumerated in the complaint, as well as all records documenting that the expenditure was made by Davis in his role as mayor. The court also ordered that Davis pay a civil penalty of $1,000. Days later, the court issued another order finding that The Augusta Press was entitled to $4,206.50 from Davis in attorney fees and costs. This appeal followed.

On appeal, Davis challenges both the substantive and procedural processes used by the trial court to enter judgment against him.

1. First, Davis asserts that the trial court erred in entering final judgment against him without providing him with a full and fair opportunity to respond. We agree that the trial court prematurely entered a final judgment in this case. The trial court's order does not state upon what basis the case was ripe for final judgment. It states merely that the parties appeared before the court for a hearing on Davis's

4

motion to dismiss and "[t]he motion is dispositive of all substantive issues joined by the pleadings in this action," except for the issue of attorney fees and costs.

Trial courts are permitted to "reach a final determination of the issues" in an Open Records Act case after an interlocutory hearing, "if the parties do not object or have acquiesced." *Dortch v. Atlanta Journal*, 261 Ga. 350, 351 (1) (405 SE2d 43) (1991); see also *Fulton DeKalb Hosp. Auth. v. Miller & Billips*, 293 Ga. App. 601, 602 (667 SE2d 455) (2008) (where the parties "requested final resolution of the ultimate issues" from the trial court, final judgment was proper).

Here, the hearing at which the parties appeared was designated specifically by the trial court as a hearing on Davis's motion to dismiss, a fact that was acknowledged at the hearing itself and in the trial court's order. And, such a procedure typically would only result in a final judgment if it was in favor of the defendant. Although The Augusta Press had included a "motion that [Davis] be enjoined to produce requested records" in its opposition to Davis's motion to dismiss, Davis never responded to the motion, and no one mentioned an injunction at the hearing. At the hearing's conclusion, the trial court stated that "these records need to be provided under the Open Records Act" and indicated that it would issue an order shortly. Although Davis did not specifically object, he did ask the court for

5

permission "to pursue an interlocutory appeal," indicating that he did not expect the trial court's order to be a final judgment. The court responded by stating it was "bound by the record" and "[t]o the extent that the record reflects that there are other issues that need to be addressed, and that are separate and apart from other litigation, I'll be happy to address that, as well." Accordingly, it cannot be said that Davis failed to object to or acquiesced in allowing the trial court to issue a final judgment without proper notice or an opportunity to further respond. See *Dortch*, 261 Ga. at 351 (1) (where defendant failed to object after the trial court indicated that it intended to rule in favor of plaintiff, and after defendant's attorney clarified that the trial court was "making this a final decision," defendant was held to have acquiesced in the trial court's ruling on the merits of the Open Records issue).

We therefore conclude that the record here reflects that Davis was not properly notified that the trial court intended to enter a final judgment against him on the merits at the hearing that was docketed as a motion to dismiss hearing. See also *BAC Home Loans Servicing, L.P. v. Wedereit*, 297 Ga. 313, 314 (773 SE2d 711) (2015) (to grant summary judgment to a party sua sponte, "the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment") (citation and

6

punctuation omitted); *Hames v. Hames*, 263 Ga. 752, 752-753 (438 SE2d 630) (1994) (where trial court issued ruling on party's modification of child support claim at a hearing that was scheduled for unrelated matter, party did not receive proper notice that her claim would be decided at that time and court's order was thus reversed).

Accordingly, we reverse the trial court's order and remand for additional proceedings not inconsistent with this opinion. Should the trial court intend to enter a final judgment in this case, Davis must be notified of such intention and given an opportunity to respond.

2. Additionally, to further support our conclusion that a final judgment was premature, and because there are issues likely to recur on remand, we briefly explore Davis's other claim of error — that the trial court erred in its analysis that the records being requested were "public records" under the Open Records Act. Davis argues specifically that the trial court erred in failing to perform the four-part inquiry laid out in *Bowers v. Shelton*, 265 Ga. 247, 249 (2) (453 SE2d 741) (1995) concerning Open Records Act requests.

"The Georgia Act relating to the inspection of public records, OCGA § 50-18-70 et seq., requires disclosure of public records, with certain exceptions enumerated at OCGA § 50-18-72 (a)." *Bowers*, 265 Ga. at 248 (1).

7

In suits under the Open Records Act, the first inquiry is whether the records are public records. If they are public records, the second inquiry is whether they are protected from public disclosure pursuant to OCGA §§ 50-18-70 or 50-18-72. If they are not exempt under the list of exemptions found in § 50-18-72 or under any other statute, then the question is whether they should be protected by court order under § 50-18-70, but only if there is a claim that disclosure of the public records would invade individual privacy.

Id. at 249 (2) (citation and punctuation omitted). A "public record" is defined as:

all documents, papers, letters, maps, books, tapes, photographs, computer based or generated information, data, data fields, or similar material prepared and maintained or received by an agency or by a private person or entity in the performance of a service or function for or on behalf of an agency or when such documents have been transferred to a private person or entity by an agency for storage or future governmental use.

OCGA § 50-18-70 (b) (2).

Here, the court found that the requested documents were public records under the Act because Davis, in responding to the Commission's complaint, stated that the transactions at issue were "related to the fulfillment of his elected office." However, we agree with Davis that the trial court and The Augusta Press improperly conflated Davis, the individual and candidate, with Davis, the Mayor, throughout this

8

litigation.[2] This distinction is significant: when a private person or entity is sued under the Open Records Act, the court must determine whether the records in question – even if prepared or maintained by a private party – were prepared or maintained "in the course of the operation of a public office." *Macon Telegraph Publishing Co. v. Bd. of Regents of Univ. Sys. of Ga.*, 256 Ga. 443, 444-445 (350 SE2d 23) (1986) (citation and punctuation omitted). See also *Hackworth v. Bd. of Educ. for City of Atlanta*, 214 Ga. App. 17, 19-20 (1) (a) (447 SE2d 78) (1994) (where School Board used a third-party transit company to hire and manage its bus drivers, the transit company's personnel records were "public records" under the Act because the transportation of students to and from school was part of the Board's operation of the school system, and thus records generated by the third party "in the course of carrying out a function delegated to it by a public agency" were generally subject to the Open Records Act); *Smith v. Northside Hosp., Inc.*, 302 Ga. 517, 518-523 (1) (807 SE2d 909) (2017).

---

[2] For example, in its undisputed facts section, the trial court's order states that the Defendant (Davis the Mayor) was the respondent in a complaint by the Commission. But in actuality, Davis the candidate was the respondent in that complaint.

Here, the trial court did not explore the question of whether Davis the candidate and individual was acting "in the performance of a function for" or "on behalf of" the office of the Mayor when generating the requested records. See OCGA § 50-18-72 (b) (2). Although Davis the individual stated that the financial transactions were "related to the fulfillment" of his public office as Mayor, that is not the test for whether a document is a public record. And, because it is not clear from the record in what way the transactions were related to the fulfillment of Davis's public office, we cannot discern at this stage whether the requested records were in fact "public records" under OCGA § 51-18-70. *Dooley v. Davidson*, 260 Ga. 577, 578 (2) (b) (397 SE2d 922) (1990) (inspection of requested documents was required to determine if each requested document was a public record or not). Accordingly, this is a question for the trial court to determine on remand.

Further, as explained above, it was not Davis, the private person, who was sued for the records in this case.[3] OCGA § 50-18-73 (a) states that actions under the Act should be brought against the person "having custody of records open to the public[.]" It is not clear from the record in this case whether Davis the Mayor has

---

[3] It appears that The Augusta Press also filed a complaint against Davis in his individual capacity. However, the record does not reflect the disposition of that case. No other cases between The Augusta Press and Davis appear on our Court's docket.

"custody" over the requested documents. Indeed, The Augusta Press did not even allege in its complaint that Davis, the Mayor, had custody over the requested items; rather, the complaint merely alleges that the items are subject to the Open Records Act and Davis refused to produce them. See *Cardinale v. Keane*, 362 Ga. App. 644, 651-652 (3) (869 SE2d 613) (2022) (where party alleged that private attorneys who represented the City of Atlanta in litigation were in custody of certain public records, such allegation was sufficient to survive a motion to dismiss a complaint made under the Open Records Act). This is another question of fact for the trial court on remand.

Accordingly, we reverse the trial court's judgment and remand this case to the trial court for additional proceedings not inconsistent with this opinion.

*Judgment reversed and case remanded. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.