UNION JOINT STOCK LAND BANK, APPELLANT, *v.* SELDEN ET AL., APPELLEES.

(Decided December 14, 1939.)

*Mr. John McIntosh,* for appellant.

*Mr. Alva J. Russell,* prosecuting attorney, and *Mr. William A. Spencer,* for Walter P. O'Neil, sheriff.

STEVENS, J. Plaintiff instituted an action to foreclose its first mortgage upon certain real estate in Summit county, Ohio. A decree in foreclosure was entered, and the premises which were the subject of the action were ordered sold by the sheriff.

The sheriff thereupon sold the premises to the second mortgagee, the National Bank of Hudson.

An order confirming the sale and ordering distribution of the proceeds was then entered, which provided, after the payment of taxes and costs, for the payment of $3421.22, the full amount of its mortgage and interest, to the plaintiff, and the balance of $18.35 to the purchaser, the second mortgagee.

In making distribution to plaintiff, the sheriff did not pay $3421.22, as ordered by the court, but instead paid the plaintiff only $3387.01, claiming to hold the sum of $34.21 as poundage to which he was entitled according to law.

A motion was filed by plaintiff for an order requiring the sheriff to show cause why he should not pay over to plaintiff said sum of $34.21, to which plaintiff claimed it was entitled.

After hearing had upon the motion, the Court of Common Pleas overruled the same, and found that the sheriff was entitled to said $34.21 as poundage fees. Appeal on questions of law brings the propriety of that ruling before this court for review.

Section 2845, General Code, provides as follows:

"For the services hereinafter specified when rendered, the sheriff shall charge the following fees, and no more, which the court or clerk thereof shall tax in the bill of costs against the judgment debtor or those legally liable therefor: * * * poundage on all moneys actually made and paid to the sheriff on execu-

tion, decree or sale of real estate, on the first ten thousand dollars, one per cent; * * * but when such real estate is bid off and purchased by a party entitled to a part of the proceeds, the sheriff shall not be entitled to any poundage except on the amount over and above the claim of such party * * *.''

Under this section the right of the sheriff to poundage is limited to ''moneys actually made and paid to the sheriff''; and even on money actually made and paid to the sheriff, his right to poundage is limited to the amount ''over and above the claim'' of a purchaser who is ''entitled to a part of the proceeds'' of the sale. Where the facts bring a case within *either* of these limitations, the sheriff is not entitled to poundage.

In the instant case, where the property was purchased by the second mortgagee, who was entitled to a part of the proceeds arising from a sale for a sum in excess of the amount necessary to pay taxes, costs, and the first mortgage, but less than sufficient to pay the prior liens and the claim of the second mortagee in full, the sheriff, as we construe the statute, would not be entitled to collect poundage upon any sum whatsoever. This for the reason that there was no amount over and above the claim of the second mortgagee-purchaser.

We are unanimous in the conclusion that the trial court erred in its judgment, and that judgment is reversed.

Proceeding now to render the judgment which the trial court should have entered, it is ordered that the plaintiff's motion be sustained, and that the sheriff pay over to the plaintiff the sum of $34.21, withheld by him as poundage. It is further ordered that the sheriff pay the costs of this proceeding.

*Judgment reversed.*

WASHBURN, P. J., and DOYLE, J., concur.