## S90A0876. GAINES v. THE STATE.
(392 SE2d 524)

FLETCHER, Justice.

Appellant Mack Edward Gaines appeals his habitual violator conviction on constitutional grounds. Gaines was indicted with one count each of habitual violator and giving a false name to a law enforcement officer and with two counts of DUI. After a bench trial, the trial judge found Gaines not guilty of the charge of giving a false name to a law enforcement officer, but guilty of the charges of habitual violator and DUI. Gaines was sentenced to six years imprisonment, three to serve. We affirm.

Responding to a "suspicious character" call, the arresting officer discovered Gaines sitting in an automobile behind a mechanic's garage, owned by Gaines' brother. Detecting the odor of alcohol, the officer told Gaines not to drive because of his apparent intoxicated condition. That officer then went to the front of the building and met with the individual who called in the complaint. Upon learning that Gaines was in probable violation of his probation, the arresting officer went back to question Gaines at which time the officer observed Gaines driving the automobile towards the front of the garage. When questioned, Gaines appeared intoxicated. A subsequently administered intoximeter test produced a result of .21 percent blood alcohol content. At no time did the officer witness Gaines drive on the public roadway.

Appellant appeals his habitual violator conviction on the grounds that OCGA § 40-5-58 (c) deprives him of his constitutional right to equal protection of the law. Gaines points out that under OCGA § 40-5-58 (c), an habitual violator is guilty of a felony if he operates a vehicle on private or public property. He further shows that under OCGA § 40-5-121, a person who has had his license suspended or revoked is guilty of a misdemeanor only when he operates a vehicle on a public highway. The crux of Gaines' argument is that habitual violators are in the same class as those who have had their licenses revoked or suspended in that both are unlicensed and, therefore, should be treated equally.

Gaines' comparison is without persuasion. A person's license may be suspended if he, as a result of moving violations such as improper passing and exceeding the speed limit, accumulates too many "points" within a certain time period. OCGA § 40-5-57. In contrast,

an habitual violator, as defined by OCGA § 40-5-58 (a) is "any person who has been arrested or convicted . . . three or more times within a five-year period" of various misdemeanors and felonies such as DUI and vehicular homicide.

As this Court held in *Bickford v. Nolen,* 240 Ga. 255 (240 SE2d 24) (1977), the equal protection clause of the Fourteenth Amendment does not deny a state the power to treat different classes of people in different ways. Such clause does, however, deny the power to the state to legislate that different treatment be accorded to persons placed by statute into different classes on the basis of criteria wholly unrelated to the objective of the statute. Id. at 256. If any reasonable state of facts can be conceived that would sustain the classification, existence of that state of facts at the time the law was enacted must be assumed, and one who assails such law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary. *Anderson v. Little & Davenport Funeral Home,* 242 Ga. 751, 753 (251 SE2d 250) (1978). The General Assembly may have reasonably concluded that habitual violators are more dangerous than those who have had their licenses suspended or revoked. The burden is on Gaines to show that the legislature selected means that are arbitrarily related to its objectives. He failed to do so.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 21, 1990.

*Michael M. White,* for appellant.
*Thomas C. Lawler III, District Attorney,* for appellee.