### S92A0075. DIXON v. CITY OF PERRY et al.
(416 SE2d 279)

BENHAM, Justice.

Appellant's three-year, eight-month employment as a police officer with the City of Perry was terminated for violation of a city ordinance requiring all public safety personnel to reside within 8.75 miles of City Hall. The ordinance specifies that the distance is based on an intent to have all public safety personnel living "within a fifteen (15) minute commuting distance . . . from City Hall" for the purpose of prompt response in emergencies. In Dixon's suit to have the ordinance declared invalid, the trial court granted summary judgment to the City.

1. Dixon contends that the ordinance in question is void because it legislates in an area already covered by a general state law, with no general law authorizing a municipality to legislate in that area. This argument, based on OCGA § 45-2-5,[1] which forbids residency requirements in municipal employment, fails because the ordinance Dixon challenges does not contain such a residency requirement and because the purpose underlying the ordinance does not conflict with the purpose of § 45-2-5.

There has been no contention in this case that the ordinance would have the effect of requiring police officers to reside within the city limit of Perry, but Dixon contends that the requirement is nonetheless in conflict with the statute. We disagree. The clear purpose of OCGA § 45-2-5 is to prevent counties and municipalities from requiring residence within a particular political subdivision. An ordinance which accomplished that purpose by imposing a distance requirement which made residence within the political subdivision necessary would obviously run afoul of that purpose and would be in conflict with the statute. Here, the ordinance does not have that effect and has a stated purpose, assured response time, which is not in conflict with the statute. We find no preemption by state statute and no conflict with state statute.

2. In two enumerations of error, Dixon argues that the ordinance

---

[1] OCGA § 45-2-5:
No municipal or county government in this state shall require as a condition of employment by such government that applicants for employment as officers or employees, or such officers or employees now or hereafter employed, must reside within the boundaries of the municipality or county.

is unconstitutional because it is unreasonable and denies him equal protection of the law. We find no such constitutional infirmity in the ordinance established in the record of this case.

> "The Fourteenth Amendment permits states wide discretion in enacting laws which affect some group of citizens differently from others, the due process or equal protection safeguards contained therein being offended only if the resultant classifications or deprivations of liberty rest on grounds wholly irrelevant to a reasonable state objective. [Cit.] Therefore, unless a statutory classification is arbitrary, or not founded on any substantial distinction suggesting the necessity or propriety of such legislation, the courts have no right to interfere with the exercise of legislative discretion. . . . [Cit.]" [*Foster v. Ga. Bd. of Chiropractic Exam.*, 257 Ga. 409 (14) (359 SE2d 877) (1987).]

In support of its motion for summary judgment, the City presented evidence that the ordinance was intended to ensure prompt response by public safety personnel in times of emergency. The ordinance itself states such a purpose and explains the reasoning which led to the adoption of the particular distance limitation at issue. While Dixon clearly disagreed with the City's reasoning and conclusions, he did not present any evidence that the underlying purpose was inappropriate or that the means of effecting that purpose were chosen arbitrarily or capriciously.

> If any reasonable state of facts can be conceived that would sustain the classification, existence of that state of facts at the time the law was enacted must be assumed, and one who assails such law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary. [Cit.] [*Gaines v. State*, 260 Ga. 267, 268 (392 SE2d 524) (1990).]

Since the City established on the record a facially valid purpose for the enactment, and Dixon did not carry his burden of controverting the reasonableness of the ordinance, the trial court did not err in awarding summary judgment to the City on the issue of the constitutional validity of the ordinance as enacted.

3. Dixon's contention that the ordinance, as applied, denied him equal protection of the law because other persons similarly situated were not required to comply with the ordinance is not supported by the evidence. Although Dixon averred in an affidavit that there had been other persons to whom the ordinance had not been applied, he did not controvert the evidence presented by the City that there were

no other persons then employed in an equivalent job to whom the ordinance had not been applied and that other police officers, when given a period of time in which to comply, as Dixon was given, had moved to a location within the required distance. We find no error, therefore, in the grant of summary judgment to the City on Dixon's claim that the ordinance is selectively enforced.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 21, 1992.

*Williams & Sammons, George L. Williams, Jr.,* for appellant.
*Chambless, Higdon & Carson, Thomas F. Richardson, Walker, Hulbert, Gray & Byrd, David G. Walker,* for appellees.