S95A1775. GARRARD v. HICKS.
(465 SE2d 665)

FLETCHER, Presiding Justice.

In this application for quo warranto under OCGA § 9-6-60 Joseph R. Garrard challenges Judge Ralph Hicks' authority to preside over Garrard's criminal trial on the ground that Judge Hicks is ineligible to hold the office of senior judge. The trial court denied the application. Because we find that OCGA § 47-9-60 permits the governor to appoint a former superior court judge who has at least ten years of service to the office of senior judge, and that Judge Hicks met these qualifications, we affirm.

OCGA § 47-9-60 (a) (3) provides in part that,

[a]ny judge of the superior courts . . . who ceases holding office as a judge of the superior courts and who has at least

ten years of service as a judge of the superior courts at the time of ceasing to hold office and who is not eligible for appointment to the office of senior judge under any other law of this state may become a senior judge . . . .

Garrard contends that because Judge Hicks did not become a senior judge immediately upon ceasing to sit as a superior court judge, he is ineligible under this provision.[1] The plain language of the statute, however, does not support this interpretation. "[W]here a . . . statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms."[2] Nothing in the statute limits the ability to become a senior judge to active judges. Rather, the statute imposes only three restrictions: that the judge have at least ten years creditable service as a superior court judge; that the judge cease holding office as a superior court judge; and that the judge be ineligible to become a senior judge under any other provision.

This construction is consistent with former OCGA § 47-9-60 (b), which at the time of Judge Hicks' appointment as senior judge provided that "[a]ny former superior court judge who is eligible therefor may become a senior judge *at any time* by making application."[3] The law that enacted subsection (a) (3) also enacted this language and therefore, the legislature could not have intended to prohibit a superior court judge from leaving office and at a later time, seeking appointment as a senior judge.[4]

The undisputed facts show that Judge Hicks had over ten years of creditable service as a superior court judge at the time he left that office and that he was ineligible for appointment under any other provision. Therefore, the governor's appointment of Judge Hicks to the office of senior judge was valid under OCGA § 47-9-60 (a) (3).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 1996.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams*

---

[1] Judge Hicks ceased holding the office of superior court judge on April 27, 1990 and the governor appointed him to the office of senior judge on May 1, 1992.

[2] *Rayle EMC v. Cook*, 195 Ga. 734, 735 (25 SE2d 574) (1943).

[3] This Court declared unconstitutional a portion of former OCGA § 47-9-60 (b) in *State of Ga. v. McMillan*, 253 Ga. 154 (319 SE2d 1) (1984). *McMillan*, however, invalidated only the restrictions on the practice of law by senior judges found in subsection (b), and not the portion quoted above. In 1994, the legislature repealed former subsection (b) and redesignated former subsection (c) as the current subsection (b). Ga. L. 1994, p. 722, § 3.

[4] Ga. L. 1982, pp. 1568, 1570.

*III,* for appellant.

*Chilivis, Cochran, Larkins & Bever, Nickolas P. Chilivis, John K. Larkins, Jr.,* for appellee.