A03A2572. LAUGHLIN v. CITY OF ATLANTA.

(592 SE2d 874)

ELLINGTON, Judge.

We granted Kennith Laughlin's application for discretionary appeal to consider whether the Superior Court of Fulton County erred in dismissing, for lack of subject matter jurisdiction, Laughlin's petition for writ of certiorari. See OCGA § 5-4-1 (a).[1] For the reasons which follow, we affirm.

The record reveals the following undisputed facts. Laughlin worked as a City of Atlanta police officer for 28 years. In 2001, Laughlin applied for workers' compensation benefits in connection with a back injury. After a hearing, the Board of Workers' Compensation determined that Laughlin sustained an aggravation of a pre-existing condition and that the aggravation arose out of and in the course of Laughlin's employment. The Board awarded him temporary total disability benefits. The city did not appeal the award.

Laughlin then applied for so-called "IOJ" (injured on the job) benefits. See Code of Ordinances of the City of Atlanta, Georgia, Section 114-424. That ordinance, titled "Disability leave," provides that, subject to certain conditions, "[a]ny [city] employee who is covered by the state workers' compensation act and who suffers an on-the-job injury which is compensable under . . . the state workers' compensation act, may receive full salary in lieu of workers' compensation during the period of disability" for a period of up to six months. Laughlin argued the department was bound by the Workers' Compensation Board's finding that his disability resulted from an injury on the job. In a letter dated October 8, 2002, the chief of police (through the city's law department) disagreed and stated his position that Laughlin was not entitled to IOJ benefits. In response to Laughlin's persistent demands, the police chief responded that the October 8, 2002 letter was his final decision on the matter.

---

[1] OCGA § 5-4-1 (a) provides, in pertinent part: "The writ of certiorari shall lie [in the superior court] for the correction of errors committed by any inferior judicatory or any person exercising judicial powers."

Laughlin submitted an appeal to the city's Civil Service Board. The commissioner of the city's Department of Personnel and Human Resources, through the director of the Bureau of Labor Relations, denied Laughlin's request for a hearing (and effectively dismissed his appeal to the Civil Service Board), stating that the Ordinance Code did not authorize appeals to the Board for such a matter. See Code of Ordinances, Section 114-546.[2] Laughlin does not challenge this ruling.

In his petition for writ of certiorari to the superior court, Laughlin identified the October 8, 2002 letter as containing the "error[ ] committed by any inferior judicatory or any person exercising judicial powers" warranting relief on certiorari. OCGA § 5-4-1 (a). After a hearing, the trial court granted the city's motion to dismiss, finding the court lacked subject matter jurisdiction over the action because there was no judicial or quasi-judicial action below. In this appeal, Laughlin contests the trial court's characterization of the proceedings. The city contends, on the other hand, that the decision memorialized in the October 8, 2002 letter was a discretionary exercise of executive power and, therefore, was not appealable under OCGA § 5-4-1.

In determining whether a writ of certiorari is the appropriate method of review,

> we must decide whether the hearing officer whose order is being reviewed exercised judicial or quasi-judicial powers, or whether the officer merely exercised administrative or legislative functions. If the officer exercised judicial powers, his or her actions are subject to review on certiorari; if, however, the officer exercised legislative, executive, or ministerial powers, any error cannot be corrected by certiorari. . . . The basic distinction between an administrative and a judicial act by officers other than judges is that a quasi-judicial action, contrary to an administrative function, is one in which all parties are as a matter of right entitled to notice and to a hearing, with the opportunity afforded to present evidence under judicial forms of procedure; and that no one deprived of such rights is bound by the action taken. The

---

[2] Section 114-546, titled "Right to File Appeal," provides, in pertinent part:
The following matters constitute proper reasons for which appeals may be filed with the civil service board under this division . . . :
(1) Adverse actions . . . , i.e., suspension, demotion or dismissal. . . .
(2) Removal from eligible list. . . .
(3) Disqualification for reemployment. . . .
(4) Failure to follow procedures of layoff or reduction in force. . . .
(5) Unjust coercion or reprisal.

test is whether the parties at interest had a right under the law to demand a trial in accordance with judicial procedure.

(Citations, punctuation and emphasis omitted.) *Mack II v. City of Atlanta*, 227 Ga. App. 305, 307 (1) (489 SE2d 357) (1997). We owe no deference to a trial court's ruling on questions of law and review such issues de novo under the "plain legal error" standard of review. *Brooks-Powers v. MARTA*, 260 Ga. App. 390, n. 1 (579 SE2d 802) (2003); *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

The record is devoid of any evidence an applicant for IOJ benefits has a right under the law to demand a hearing in accordance with judicial procedure. Section 114-424 itself does not address whether an employee who applies for IOJ benefits is entitled to notice and an opportunity to present evidence and be heard. Laughlin suggests that his procedural rights were set out in the grievance procedures and that he was wrongfully denied the opportunity to participate in the grievance process which he could have pursued to the level of the Civil Service Board where he would be entitled to judicial procedures. See *Crumpler v. Henry County*, 257 Ga. App. 615, 618 (571 SE2d 822) (2002) (rulings of civil service boards have generally been considered quasi-judicial in nature). Even assuming the denial of IOJ benefits is a matter subject to the grievance procedure, however, the record shows that, at stages of the grievance process preceding an appeal to the Civil Service Board, Laughlin would not have been entitled to judicial procedures. Ordinance Code Section 114-523. The record further shows that Laughlin could not have appealed his particular claim to the Civil Service Board. Ordinance Code Section 114-546, supra, note 2.

Because Laughlin identified no evidence that employees seeking IOJ benefits are entitled to notice, a hearing in accordance with judicial procedure, and an opportunity to present evidence, the police chief's action constituted the discretionary exercise of executive power. Consequently, the superior court correctly determined that there was no judicial or quasi-judicial action below and properly dismissed Laughlin's petition for writ of certiorari under OCGA § 5-4-1. *Ga. Farm &c. Ins. Co. v. DeKalb County*, 167 Ga. App. 577, 578-579 (1) (306 SE2d 924) (1983) (county commissioner's order finding homeowner liable for the taxes and directing that a fi. fa. be issued was not a quasi-judicial action where homeowner was not entitled to a hearing in accordance with judicial procedure); *What It Is, Inc. v. Jackson*, 146 Ga. App. 574 (246 SE2d 693) (1978) (mayor's revocation of liquor license involved exercise of administrative, rather than judicial power, where ordinance did not require hearing in accordance with judicial procedure). Cf. *Starnes v. Fulton County School Dist.*, 233 Ga.

64

App. 182, 183-184 (503 SE2d 665) (1998) (where local law and pension board bylaws provided applicants the right to a public hearing and the right to present evidence, decision of pension board was subject to certiorari review); *Mack II v. City of Atlanta*, 227 Ga. App. at 308-309 (1) (where city code provided aggrieved vendors the right to notice of a hearing before a fair and impartial hearing officer and the right to present evidence, decision of hearing officer was subject to certiorari review).

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED JANUARY 7, 2004.

*Benjamin H. Terry*, for appellant.
*Jo Avery, Kimberly M. Patrick, Serena L. Sparks, Shelitha R. Robertson*, for appellee.