## S09A1102. GODDARD v. CITY OF ALBANY et al.
### (684 SE2d 635)

BENHAM, Justice.

This is an appeal concerning appellant Mattie Goddard and her former employer appellee the City of Albany and appellee city manager Alfred D. Lott. In February 2006, Lott terminated appellant from her job as the director of Albany's civic center because he was dissatisfied with her performance. Prior to finalizing the termination, Lott held a meeting allowing appellant to come forward with evidence to challenge her termination. Appellant appeared at the meeting with an attorney and presented evidence, including witnesses. Lott declined to change his decision terminating appellant's employment. Asserting that the meeting with Lott was a pre-termination hearing and quasi-judicial in nature, appellant filed a "petition for writ of certiorari" to the superior court pursuant to OCGA § 5-4-1. In addition to seeking review of her termination, the pleading also set forth several causes of action based on state law. Appellant amended the petition several times and, in one amendment, requested mandamus relief. The trial court dismissed the petition for writ of certiorari for lack of subject matter jurisdiction, denied appellant's request for mandamus relief,[1] and granted summary judgment to appellees regarding appellant's various state law claims. This appeal followed. For reasons set forth below, we affirm the judgment of the trial court.

1. Appellant complains the trial court erred when, in determining whether it had subject matter jurisdiction, it considered evidence that was not presented at her "pre-termination hearing." Appellant further contends the trial court erred when it determined it lacked subject matter jurisdiction to consider the petition for writ of certiorari. Both allegations lack merit. A court which is obliged to determine whether it has subject matter jurisdiction over a petition for writ of certiorari must

> decide whether the hearing officer whose order is being reviewed exercised judicial or quasi-judicial powers, or

---

[1] "[C]ases involving the grant or denial of mandamus are within the exclusive jurisdiction of this Court without regard to the underlying subject matter or the legal issues raised. [Cit.]" *Mid-Georgia Environmental Mgmt. Group v. Meriwether County*, 277 Ga. 670, 671 (1) (594 SE2d 344) (2004).

whether the officer merely exercised administrative or legislative functions. If the officer exercised judicial powers, his or her actions are subject to review on certiorari; if, however, the officer exercised legislative, executive, or ministerial powers, any error cannot be corrected by certiorari. . . . The basic distinction between an administrative and a judicial act by officers other than judges is that a quasi-judicial action, contrary to an administrative function, is one in which all parties are as a matter of right entitled to notice and to a hearing, with the opportunity afforded to present evidence under judicial forms of procedure; and that no one deprived of such rights is bound by the action taken. The test is whether the parties at interest had a right under the law to demand a trial in accordance with judicial procedure.

*Laughlin v. City of Atlanta*, 265 Ga. App. 61, 62-63 (592 SE2d 874) (2004). The trial court was tasked with determining whether appellant had the right to a notice and hearing prior to being terminated and such task required the trial court to review the applicable law — the city's charter as well as the city's personnel ordinance — and make a legal determination as to whether such a right existed. See id. at 63 (court looked to ordinance to decide whether benefits determination was a quasi-judicial proceeding subject to OCGA § 5-4-1).[2] Since the trial court was considering its own jurisdiction and was not reviewing the underlying merits of Lott's decision, it was not barred from considering evidence that was not presented at the "pre-termination" hearing.

We now turn to whether the trial court lacked subject matter jurisdiction which is an issue of law that we review de novo for plain legal error. *Laughlin v. City of Atlanta*, 265 Ga. App. at 63. Here, the city's charter at Section 4 (d) (2) provides that the city manager has the power to "remove employees employed by him without the consent of the commission and without assigning any reason therefor. . . ." The city's personnel ordinance further provides that only certain employees below the rank of department head have the right to a "pre-termination hearing" and sets forth a procedure to request such a hearing and a procedure to review any decision made in such a hearing.[3] A "[d]epartment head[ ]," such as appellant, is an at-will

---

[2] Appellant's reliance on *Allen v. Yost*, 281 Ga. 102, 103 (636 SE2d 517) (2007) is misplaced because that case sets forth the proper standard for a motion to dismiss for failure to state a claim for which relief may be granted.

[3] The personnel ordinance provides in pertinent part:
The supervisor recommending dismissal of an employee shall provide the

employee who "[is] directly accountable to the respective managers[.]" While such an at-will employee would not be *entitled* to a pre-termination hearing, a manager may *choose* to grant the employee a pre-termination hearing, as "all disciplinary and termination hearings and actions respecting department heads shall be made by the respective managers." In this case, the trial court found appellant's "respective manager" to be appellee city manager Lott.[4] Neither the city's charter nor the personnel ordinance specifically includes a right to a pre-termination hearing for a department head. In this situation, we must apply the concepts of expressio unius est exclusio alterius (the expression of one thing implies the exclusion of another) and expressum facit cessare tacitum (if some things are expressly mentioned, the inference is stronger that those not mentioned were intended to be excluded). *City of Macon v. Alltel Communications, Inc.*, 277 Ga. 823, 828 (596 SE2d 589) (2004); *Hammock v. State*, 277 Ga. 612 (3) (592 SE2d 415) (2004). Had the city intended department heads, or personnel reporting directly to the city manager, to have the right to pre-termination hearings, its charter and personnel ordinance could have provided for such. Instead, the termination of a department head is left entirely to the discretion of the city manager. Thus, appellant did not have a right to a notice and pre-termination hearing and Lott was not acting in a quasi-judicial capacity as contemplated by OCGA § 5-4-1. The trial court did not err when it dismissed, for lack of subject matter jurisdiction, that portion of appellant's pleading concerning her petition for writ of certiorari.

2. With regard to the trial court's grant of summary judgment on

---

Department/Division Head with a complete written document outlining the nature of the grounds for dismissal[.] If after reviewing the facts and documentation in the case the Department/Division Head shall determine that just grounds exist for dismissing the employee, the Department or Division Head shall advise the employee, that he/she has a right to a pre-termination hearing before the accountable Manager or his appointed representative. The Department/Division Head shall also advise the employee of the incident upon which the grounds are based. The employee shall sign a statement acknowledging that he/she has been advised of hearing rights, that he/she knows of the right to present evidence and shall indicate whether he/she waives the right to a hearing before the accountable Manager. If the employee elects a hearing, the accountable Manager will notify the employee of the time, place, and date of the pre-termination hearing. All other procedures for the disciplinary process, and for appeals to the respective accountable Manager, and procedures for the conduct of termination hearings, shall be determined and provided by the respective accountable Manager.
Section III (A) (4) (b).

[4] The hierarchy was such that the city manager was the administrative head of the city's government and presided over all employees of the city's departments, except for the board of education, the Trustees of the Carnegie Library, the utilities' commission, and any officers or employees who were appointed by the board of city commissioners. As head of the civic center, appellant reported directly to the city manager.

her various state law claims, appellant alleges appellees were judicially estopped from arguing appellant did not have a property interest in her job. We disagree.

> The rule known as judicial estoppel was described by the United States Supreme Court in *New Hampshire v. Maine*, 532 U. S. 742, 749 (121 SC 1808, 149 LE2d 968) (2001), thusly: "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. [Cit.]" The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. Because it is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion. It is a common-law doctrine, and there is no indication it is constitutionally mandated.

(Citation and punctuation omitted.) *Roberts v. State*, 278 Ga. 610, 611-612 (604 SE2d 781) (2004). Appellant has failed to show any inconsistent position on the part of appellees.[5] As such, the trial court did not err when it did not invoke the doctrine of judicial estoppel.

3. Appellant contends she had an employment contract based on appellees' past practices, customs, and policies; appellees breached the contract when they did not follow the city's progressive disciplinary policy; and the trial court erred when it granted appellees summary judgment regarding her contract claims. We disagree. Nothing in the record shows appellant was hired by the city for a definite term of employment and, as such, her employment was at-will. See OCGA § 34-7-1; *Balmer v. Elan Corp.*, 278 Ga. 227, 228 (599 SE2d 158) (2004). The city's personnel policies and practices are legally insufficient to create an implied contract for a definite term of employment. See *Doss v. City of Savannah*, 290 Ga. App. 670 (5) (660 SE2d 457) (2008); *Ellison v. DeKalb County*, 236 Ga. App. 185 (1)

---

[5] For example, in *Goddard v. Jackson*, No. 1:02-CV-158 (M.D. Ga. 2003), a case which appellant cites and which concerns her husband, the city took the express position that department heads were at-will employees and not entitled to pre-termination hearings. Appellant has also cited several other pending superior court cases in support of her argument that appellees' legal positions have been inconsistent; however, the cases are not part of the appellate record.

(511 SE2d 284) (1999); *Burgess v. Decatur Fed. Savings & Loan Assn.*, 178 Ga. App. 787 (345 SE2d 45) (1986). Thus, appellant did not have a direct or implied employment contract.

Alternatively, appellant asserts Lott promised her that she would be given a year to prove herself such that she has a claim for promissory estoppel. "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." OCGA § 13-3-44 (a). Appellant cannot meet this burden because she has not shown any action or forbearance she made in reliance on any purported promise for future employment made by Lott. *Balmer v. Elan Corp.*, 278 Ga. at 230. Further, at-will employees cannot enforce oral promises. Id. at 228-229. The trial court did not err when it denied appellant's promissory estoppel claim.

4. Appellant contends Lott violated her right to privacy when he released her personnel documents pursuant to the Georgia Open Records Act; the city denied her equal protection by treating her differently from other employees with respect to its personnel policies; and the city impinged on her First Amendment rights by effectively denying her access to the courts. These allegations lack merit.

The personnel records of municipal employees are not entitled to any blanket exemption from Georgia's Open Records Act. OCGA § 50-18-70; *Fincher v. State of Ga.*, 231 Ga. App. 49 (2) (497 SE2d 632) (1998); *Hackworth v. Bd. of Ed. for City of Atlanta*, 214 Ga. App. 17 (2) (447 SE2d 78) (1994). Thus, appellant's privacy claim fails. Appellant also cannot sustain her equal protection claim because she has not proffered evidence of department heads who were treated differently than she was treated with regard to the city's personnel policies. *Dixon v. City of Perry*, 262 Ga. 212 (3) (416 SE2d 279) (1992). Finally, appellant's First Amendment claim concerning lack of access to the courts is belied by the proceedings below and the instant appeal. The trial court's denial of these claims on summary judgment was not erroneous.

5. In her pleading, appellant set forth numerous tort causes of action related to her termination, including invasion of privacy, libel, unlawful interference with employment, emotional distress, and the negligent retention of Lott. Inasmuch as the city is a government agency and Lott was acting in the scope of his authority as provided in the city's charter, and appellant failed to show any waiver of said immunity and failed to show that Lott acted without discretion or acted with malice or intent to injure, appellant's tort claims against the city and Lott are barred as a matter of law. *Doss v. City of*

*Savannah*, 290 Ga. App. at 675-676; *Weaver v. City of Statesboro*, 288 Ga. App. 32 (2) (653 SE2d 765) (2007). Therefore, the denial of these claims on summary judgment was valid.

6. Appellant argues the trial court failed to consider certain evidence on summary judgment. She contends the trial court improperly ruled the affidavits she submitted were hearsay and she also contends the trial court failed to consider depositions in the case because they were not unsealed until after the trial court issued its order. These allegations are without merit. The only ruling the trial court made with regard to appellant's affidavits was to deny appellees' motion to strike them. Upon denying the motion to strike, the trial court advised that it would disregard hearsay and other inadmissible evidence. This admonition was in keeping with extant law:

> It is well settled that affidavits in support of or in opposition to motions for summary judgment must set forth such facts as would be admissible in evidence. Irrelevant matter should be excluded. Hearsay, opinions, and conclusions in affidavits are inadmissible on summary judgment. And while a statement in an affidavit that it is based upon personal knowledge is generally sufficient to meet the requirement that affidavits be made upon such knowledge, if it appears that any portion of the affidavit was not made upon the affiant's personal knowledge, or if it does not affirmatively appear that it was so made, that portion is to be disregarded in considering the affidavit in connection with the motion for summary judgment.

*Cox v. U. S. Markets*, 278 Ga. App. 287, 290 (3) (628 SE2d 701) (2006). Also, because the trial court stated in its order that it reviewed the record, we will not hold that the court "failed to review the relevant portions of a deposition simply because the original of the deposition on file in the case remained sealed and was not opened until after the order granting the motion was entered." *General Motors Corp. v. Walker*, 244 Ga. 191, 193 (259 SE2d 449) (1979). Thus, these enumerations of error do not constitute any basis to reverse the trial court's judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 2009.

*Maurice L. King, Jr.*, for appellant.

*Gardner, Willis, Sweat & Goldsmith, Donald A. Sweat, Kimberly A. Reid*, for appellees.