# Court of Appeals
# of the State of Georgia

ATLANTA, __December 06, 2018__

*The Court of Appeals hereby passes the following order:*

## A19A0843. BRET BOLISH v. J. BRAD SMITH, IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY, BARROW COUNTY.

Prisoner Bret Bolish filed this direct appeal from the trial court's order dismissing his open records complaint. The State has filed a motion to dismiss, arguing that, because Bolish is incarcerated, he was required to comply with OCGA § 5-6-35 and file an application for discretionary appeal in order to appeal.

Because Bolish is incarcerated, his appeal is controlled by the Prison Litigation Reform Act of 1996 ("the Act"), OCGA § 42-12-1 et seq. Pursuant to OCGA § 42-12-8, "[a]ppeals of all actions filed by prisoners shall be as provided in Code Section 5-6-35[,]" which is the discretionary appeal statute.

Bolish argues that the Act applies only to indigent prisoners who are pursuing civil actions at State expense. This argument lacks merit. In the Act, the legislature defines both "indigent prisoner" and "prisoner." See OCGA § 42-12-3 (1) & (2). OCGA § 42-12-8 expressly applies to "prisoners." "[W]here the language of an Act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden." *Miles v. Kemp*, 233 Ga. App. 850, 852 (506 SE2d 141) (1998).

Under the plain language of OCGA § 42-12-8, Bolish was required to file an application for discretionary appeal in order to appeal the trial court's ruling. His failure to do so deprives us of jurisdiction to consider this appeal. See *Hall v.*

*Linahan*, 225 Ga. App. 439, 439 (484 SE2d 65) (1997). Accordingly, the State's motion to dismiss is hereby GRANTED and this appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta, __12/06/2018__*
 *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
 *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ , *Clerk.*