**THIRD DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J. and DOYLE, P. J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 12, 2024**

# In the Court of Appeals of Georgia

A23A1198. WAL-MART STORES EAST, LP v. HOWELL et al.

DOYLE, Presiding Judge.

Maria and Oscar Howell filed a negligence action against Walmart Stores East, LP ("Walmart"), after Maria Howell slipped and fell on the floor of one of its stores. Walmart removed the case to federal court, and the federal court issued a show cause order sua sponte requiring Walmart to establish why the case should not be remanded for failure to establish the jurisdictional amount of damages required for federal diversity jurisdiction.[1] Before a ruling on the show cause order was entered, plaintiffs moved to remand the case to state court on the ground that Walmart had failed to

---

[1] The federal diversity jurisdiction statute provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 USC § 1332(a).

prove the amount in controversy necessary to establish federal diversity jurisdiction. Despite allegations in the Complaint of Walmart's gross negligence, hard expenses incurred by Howell of $56,000, and claims for loss of consortium, pain and suffering, and permanent disabilities, the federal court found diversity jurisdiction lacking over the amount in controversy, remanded the case, and ordered that plaintiffs were judicially estopped from seeking damages greater than $75,000 unless the state court judge determined that the circumstances had changed since plaintiffs filed their motion to remand. Shortly before trial, the trial court found a change in circumstances, and the case proceeded with the jury awarding plaintiffs $300,000 in damages. Walmart filed a motion for judgment notwithstanding the verdict as to plaintiffs' damages or for new trial, which the trial court denied.[2] Walmart appeals, challenging the trial court's finding that plaintiffs were not judicially estopped from recovering damages in excess of $75,000. Finding no error, we affirm.

---

[2] We note that the trial court did not enter a judgment on the jury's verdict, as Walmart points out in its separately filed motion to consider the merits of this appeal. Nonetheless, the denial of a motion for new trial is appealable even if no judgment has been entered on the verdict. See *Munday v. Brissette*, 113 Ga. App. 147, 151-154 (2) (b) (1966), reversed on other grounds at *Brissette v. Munday*, 222 Ga. 162 (149 SE2d 110) (1966). As explained in *Munday*, we are to construe procedural rules liberally so as to bring about a decision on the merits of a case and avoid dismissal.

"[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion."[3] Its purpose is to "protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."[4] We review a trial court's application of judicial estoppel for an abuse of discretion.[5] Keeping this deferential standard of review in mind, we turn to the facts.

Maria Howell slipped on WD-40 lubricant and fell on the floor at the Walmart store in Americus, Georgia, on February 27, 2018. Howell completed an incident report on the day of her fall, and upon contacting the store days later, was told that three young female customers had sprayed a substance on the floor where Howell had fallen. Thereafter, Howell contacted the Americus Police Department to inform them

---

[3] (Citation and punctuation omitted). *Goddard v. City of Albany*, 285 Ga. 882, 885 (2) (684 SE2d 635) (2009).

[4] Id. See also *Benton v. Benton*, 280 Ga. 468, 469 (629 SE2d 204) (2006) ("It is most commonly invoked to prevent bankruptcy debtors from concealing a possible cause of action, asserting the claim following the discharge of the bankruptcy[,] and excluding resources from the bankruptcy estate that might have otherwise satisfied creditors.") (citation omitted).

[5] See *Fulton County v. Ward-Poag*, 310 Ga. 289, 292 (2) (a) ( 849 SE2d 465) (2020).

of the incident and to provide them with the name of a witness, Justin Redding. The police investigated and obtained a video from the store that captured the incident. The video allegedly showed a young woman removing a spray can off of a shelf and spraying something on the floor at approximately 4:40 p.m., while two other women shielded her from view. Additionally, it showed that approximately 22 minutes before Howell's fall, a Walmart employee walked with the women to the area where the substance was on the floor, appeared to look at the area, then left it unattended, walking in the opposite direction of the substance. The police report stated that Redding reported that he heard Walmart employees talking about the spill on their radios, that he slipped on the same substance but did not fall, and that he observed a can of WD-40 on the floor at the end of the aisle. The video confirmed Redding's presence on the aisle where Howell fell approximately 12 minutes before her fall.

Before the lawsuit was filed, plaintiffs demanded $400,000 to settle the case, and Walmart countered with an offer of $25,000, which plaintiffs rejected. On January 24, 2020, plaintiffs filed their complaint, alleging that Howell sustained severe and permanent injuries to her right shoulder and left hip and incurred medical expenses in the amount of $46,008.41 and lost wages in the amount of $10,000.00. Plaintiffs

4

also sought damages for future medical expenses and loss of consortium. On February 17, 2020, Walmart removed the case to federal court, asserting a complete diversity of citizenship between the parties and relying on the plaintiffs' $400,000 demand letter to satisfy the damages requirement for federal jurisdiction.

The federal court sua sponte issued a show cause order requiring Walmart to establish why the case should not be remanded for failure to establish the required amount of damages for diversity jurisdiction. Walmart responded, relying on the demand letter and reserving its right to remove the case at a later date should the court not find the demand letter to be a reliable indicator of damages. Before the federal court could issue its ruling, plaintiffs filed a motion to remand, arguing that Walmart had failed to prove by a preponderance of the evidence that the amount in controversy exceeded $75,000, as was required. On April 27, 2020, the federal court issued its order remanding the case to state court, and limiting plaintiffs to $75,000 in damages unless the trial judge found that the circumstances had changed since the filing of plaintiffs' motion to remand.

Discovery commenced, and on May 18, 2020, Howell submitted to a Functional Capability Evaluation ("FCE"). The FCE showed that Howell's fall caused her to

undergo a right shoulder rotator cuff repair revision surgery in August 2018, and to obtain physical therapy and injections for a left hip injury. The FCE concluded that she had lingering disorders of both areas of her body, with range of motion restrictions and weakness in her right shoulder, significant difficulty performing repetitive motions, overhead reaching, and material handling with her upper extremity, continued left hip weakness that impaired her walking ability and did not allow her to lift objects from ground level, and that she qualified for a Department of Labor sedentary physical demand work category. In June 2020, Walmart extended an offer of settlement to plaintiffs pursuant to OCGA § 9-11-68[6] in the amount of $101,000, to which plaintiffs did not respond. Plaintiffs demanded $385,000 to settle the case in January 2021.

Later in 2021, after the court extended discovery, plaintiffs filed a motion to compel Walmart to identify the employees working on the shift before and after Howell's fall, which the trial court granted. Thereafter, additional evidence came to light that challenged Walmart's initial theory that customers spilled the substance on

---

[6] Pursuant to OCGA § 9-11-68 (c), offers made under the Code section remain open for 30 days unless sooner withdrawn in writing by the offeror before acceptance by the offeree, and an offer that is neither accepted nor withdrawn within 30 days is deemed rejected.

the floor. Redding, the customer who was interviewed by the police officers, provided an affidavit in which he averred that the spill was caused by a leaking box of WD-40 dropped by a Walmart employee who was restocking shelves. Redding further averred that he brought the spill to the attention of the employee carrying the box and to a second Walmart employee prior to Howell's fall.

In April 2022, after the case had been placed on a trial calendar, Walmart filed a motion to limit plaintiffs' damages to $75,000 based on the federal remand order. Plaintiffs opposed the motion, arguing, among other things, that a change in circumstances authorized them to seek damages in excess of $75,000. The trial court denied Walmart's motion, finding that there had been a sufficient change in circumstances to allow plaintiffs to pursue damages in excess of $75,000. The court went on to explain that its decision was based on the totality of the circumstances and in consideration of

> (1) the FCE, (2) the post suit settlement offers exchanged between Plaintiff and Defendant, each of which were in excess of $75,000, and lastly, (3) the factual dispute that was revealed during discovery as to whether or not an independent third party was responsible for the discharge of WD-40 on the floor or if a Wal-Mart employee was responsible for its presence there.

The court wrote that it was "persuaded that the twist in facts ascertained through discovery following remand could affect the jury's determination as to the apportionment of fault/damages and thus the overall recovery amount at trial."

Soon thereafter, the case proceeded to trial, and the jury awarded the plaintiffs damages in the amount of $300,000.00. Walmart filed a motion for JNOV as to the plaintiffs' damages and for a new trial, moving the court to set aside the verdict and enter judgment in the amount of $75,000 in accordance with the federal remand order. Plaintiffs opposed the motion, and the trial court summarily denied it, noting its consideration of both parties' documentation and its evaluation of the witnesses' credibility. This appeal followed.

1. Walmart argues that the trial court erred in finding that a change in circumstances occurred that authorized plaintiffs to recover damages in excess of $75,000. We disagree.

In *Fulton County v. Ward-Poag*, our Supreme Court acknowledged that Georgia courts apply the federal doctrine of judicial estoppel.[7] The Court explained that the application of judicial estoppel depends on the factual circumstances of the case, is

---

[7] 310 Ga. at 292 (2) (b), n.5.

most commonly applied in bankruptcy proceedings,[8] "is directed against those who would attempt to manipulate the court system through the calculated assertion of divergent sworn positions in judicial proceedings and is designed to prevent parties from making a mockery of justice through inconsistent pleadings."[9] Under the circumstances of this case, the trial court did not abuse its discretion when it declined to apply judicial estoppel to limit plaintiffs' damages.

On its face, the remand order imposed the $75,000 damages limitation subject to the trial court determining that a change in circumstances authorized plaintiffs to seek a higher amount of damages. Here, the state court judge made that determination based on the development of the evidence occurring during discovery after plaintiffs filed their motion to remand in March 2020. The FCE occurred in May 2020 and documented Howell's lingering disorders and inability to perform work. Walmart argues that Howell's injuries were known at the time the motion to remand was filed, and therefore, the severity of her injuries cannot constitute a change in circumstances. Even acknowledging that her injuries were known, we cannot find that the trial court

---

[8] See id. at 292-293 (2) (b).

[9] Id. at 293 (2) (b), citing *Johnson v. Trust Co. Bank*, 223 Ga. App. 650, 651 (478 SE2d 629) (1996).

abused its discretion by considering the lingering effects of Howell's physical limitations, as outlined in the FCE, as a change in circumstances. Nevertheless, even if we agreed with Walmart's argument regarding the FCE, the FCE was not the sole factor considered by the trial court. The trial court also considered the post-remand settlement offers, as well as the additional evidence regarding Walmart's liability that surfaced during discovery. We review the trial court's application of judicial estoppel for an abuse of discretion[10] and find no such abuse here.

Walmart argues that the trial court erred because it did not apply an appropriate legal framework to its change in circumstances analysis, citing several cases from other jurisdictions that are neither binding on this Court nor factually analogous to the instant case.[11] Walmart also argues that plaintiffs had the burden to seek a removal of

---

[10] *Ward-Poag*, 310 Ga. at 292 (2) (a).

[11] *Patriot Cinemas v. Gen.Cinema Corp.*, 834 F2d 208, 212 (1st. Cir. 1987) (judicial estoppel applied where plaintiff represented that it would not pursue a claim in state court and subsequently repudiated its intention); *Low v. United States*, 795 F2d 466, 471 (5th Cir. 1986) (in medical malpractice case, court not authorized to award an amount exceeding the amount sought in plaintiff's administrative claim in the absence of newly discovered evidence or intervening facts not reasonably capable of detection at the time the administrative claim was filed); *Krenz v. XTO Energy, Inc.*, 890 NW2d 222, 235 (N. D. 2017) (judicial estoppel was not employed because the party did not take entirely inconsistent positions in an easement proceeding).

the damages cap in state court,[12] but again, it cites no authority in support of that position. Although not binding on this Court,[13] the Eleventh Circuit's unpublished opinion in *Hajdasz v. Magic Burgers*[14] is somewhat instructive.[15] In *Hajdasz*, which also arose out of a slip-and-fall incident, the plaintiff's complaint, filed in March 2017, did not satisfy the amount-in-controversy requirement for federal jurisdiction on its face.[16] During discovery, the plaintiff offered evidence of past medical expenses totaling more than $24,000, but did not place a monetary value on other recoverable

---

[12] As pointed out by plaintiffs, we note that orders remanding a case to the state court from which the case was removed are not reviewable on appeal. See 28 USC § 1447(d).

[13] See generally *Perez v. State*, 283 Ga. 196, 198 (657 SE2d 846) (2008) (Eleventh Circuit decisions are not binding on this Court but can be considered persuasive authority).

[14] 805 Fed. Appx. 884 (11th Cir. 2020).

[15] See 28 USC § 1446 (b) (3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . a copy of . . . other paper from which it may first be ascertained that the case . . . has become removable"); 28 USC § 1446(c) (3) (A) ("information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).").

[16] Id.

damages,[17] and the defendant did not take any steps whatsoever to compel a total damages response within the one-year removal period.[18] When the parties exchanged exhibits in preparation for trial, the defendant received a written medical opinion from September 2016, which stated that the plaintiff's future medical treatment would cost $2,800 to $5,000 per year.[19] There was also evidence that the plaintiff was expected to live another 22 years.[20] The case proceeded to trial, and the defendant removed the case to federal court the day after the plaintiff filed a motion for partial directed verdict seeking damages in excess of $75,000.[21]

The federal court subsequently granted the plaintiff's motion to remand the case to state court and imposed Rule 11 sanctions due to the removal of the case after the one-year limit in violation of § 1446 (c) (1).[22] The Court attributed solely to defense counsel the delay in learning the total damages amount due to his lack of effort

---

[17] See *Hajdasz*, 805 Fed. App. at 885-886.

[18] See id. at 889 (III).

[19] See id. at 887.

[20] See id. at 890 (III).

[21] See id. at 887 (I).

[22] Id.

to take steps necessary to discover information that could have supported the removal before the one-year deadline.[23] The Court also rejected defense counsel's argument that the plaintiff acted in bad faith by failing to provide a damages calculation during discovery.[24]

Similarly, here, Walmart posits that plaintiffs acted in bad faith and/or had the burden to take an affirmative step to seek removal of the damages cap in state court. Walmart, however, cites no authority that placed such a burden on plaintiffs or established that their conduct amounted to bad faith.[25] When plaintiffs rejected the offer of settlement in July 2020, it arguably established their intent to seek damages in excess of $75,000, well within the one-year time frame to seek a successive removal. Yet, Walmart did nothing. Once Walmart received the FCE in September 2020, it did not follow up with additional discovery to request that plaintiffs further specify their

---

[23] See id. at 889 (III).

[24] See id.

[25] Cf. *Triggs v. John Crump Toyota, Inc.*, 154 F3d 1284, 1287 n.4 (11th Cir. 1998) ("[T]he removing party bears the burden of demonstrating federal jurisdiction.") (citation omitted).

damages in light of the FCE. Walmart's decisions inured to its detriment, and its efforts to penalize plaintiffs for its strategy at this juncture are not persuasive.

In sum, "[j]udicial estoppel is intended to be a flexible rule in which courts must take into account all of the circumstances of each case in making [their] determinations."[26] Even if the trial court's decision that there had been a change in circumstances rested solely on the developments in the evidence as to Walmart's potential liability, we could not conclude that it erred by doing so because of the discretion afforded the trial court in its application of judicial estoppel.[27] In light of the foregoing, we find no abuse of discretion in the trial court's refusal to apply judicial estoppel to limit plaintiffs' damages nor has Walmart raised any other grounds as a basis to overturn the jury's verdict.

2. Walmart's remaining enumeration that plaintiffs were required to cross-appeal the trial court's predicate application of judicial estoppel lacks merit, as there

---

[26] (Citation and punctuation omitted). *Ajaka v. BrooksAmerica Mtg. Corp.*, 453 F3d 1339, 1344 (11th Cir. 2006).

[27] See *Goddard*, 285 Ga. at 885 (2) ("Because it is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion. It is a common-law doctrine, and there is no indication it is constitutionally mandated.") (citation and punctuation omitted).

was no predicate application by the trial court. The remand order gave the trial court authority to ignore the $75,000 limit if it found a change in circumstances. When Walmart raised the issue in its motion to limit damages, the trial court ruled in favor of plaintiffs. As discussed fully in Division 1, it was authorized to do so.

*Judgment affirmed. Mercier, C. J., and Miller, P. J., concur.*